UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATIONAL RESIDENT MATCHING PROGRAM<br>  2121 K Street, NW, Suite 100<br>  Washington, DC 20037<br><br>                    Movant,<br><br>        v.<br><br>MAHMOUD ALASHRY, M.D.<br>  6291 Curry Ford Rd Apt 163<br>  Orlando, FL 32822<br><br>                    Respondent. | Civil Action No.: _____ |

## NOTICE OF REMOVAL

Respondent Dr. Mahmoud Alashry hereby removes the above-captioned action to this Court pursuant to 28 U.S.C. Sections 1441 and 1446.

## I.    BACKGROUND

Movant National Resident Matching Program (the "NRMP") is an Illinois not-for-profit corporation that maintains its principal place of business in Washington, D.C. It is in the business of providing a service by which it matches medical school students and graduates to positions in United States graduate medical education residency and fellowship training programs. (NRMP's Br. In Support Of Its Motion to Vacate Arbitration Award, at 2.)[1] Respondent Mahmoud Alashry ("Dr. Alashry") is not a citizen of the United States; he is a citizen of Egypt. In 2016, he participated in the NRMP's medical residency matching program, known as the Main Residency Match, pursuant to an Agreement titled Match Participation Agreement For Applicants and

---

[1] A copy of the NRMP's Motion has been submitted to the Court with this Notice.

Programs For the 2016 Main Residency Match (the "Match Participation Agreement"). (*Id.*, at 3.)

The underlying dispute in this action arose when the NRMP levied sanctions against Dr. Alashry based on alleged misconduct on his part that violated the Match Participation Agreement. The sanctions included, among other things: a two year prohibition against Dr. Alashry participating in the NRMP's matching program; a one year prohibition against him accepting or starting a position sponsored by a program that participates in the NRMP's matching services; and the disclosure of the sanctions to certain professional and educational entities and organizations. (*Id.*) Dr. Alashry initiated arbitration in the District of Columbia, in accordance with the Match Participation Agreement's arbitration provision, to challenge the sanctions and to seek their vacation. Dr. Alashry prevailed in the arbitration. The Arbitrator's findings of fact and conclusions of law were memorialized in a July 13, 2017 Final Award.

On October 19, 2017, the NRMP moved the Superior Court of the District of Columbia to vacate the arbitration award. On October 31, 2017, the NRMP served its initial pleading (here, the Motion to Vacate the Arbitration Award and the related brief and exhibits) and the Summons on Dr. Alashry. By this Notice, Dr. Alashry, by and through counsel, removes the NRMP's action to vacate the arbitration award to the United States District Court for the District of Columbia. Removal is appropriate for the reasons set forth below.

## II.    DISCUSSION

### A.    Removal Requirements Generally

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed . . . to the district court of the United States for the district and division embracing the place where such action is pending," absent an express

Act by Congress to the contrary. 28 U.S.C. § 1441(a).[2] "The term 'State court' includes the Superior Court of the District of Columbia." 28 U.S.C. § 1451. Notice of removal of an action to federal court must be filed, "together with a copy of all process, pleadings, and orders served" on the removing party, within thirty days of the removing party's receipt of a copy of the initial pleading. 28 U.S.C. §§ 1446 (a) & (b).

> **B.     Dr. Alashry's Notice of Removal is Timely.**

The thirty-day removal period set forth in Section 1446 commences when the removing party receives proper service of the summons and initial pleading. *Murphy Bros., Inc. v. Michetti Pip Stringing, Inc.*, 526 U.S. 344, 354 (1999). Dr. Alashry received proper service of the NRMP's initial pleading on October 31, 2017. Thus, this Notice of Removal falls within the thirty-day removal period provided for under Section 1446. Furthermore, all other procedural requirements for removal have been complied with. Copies of all process, pleadings, and orders served on Dr. Alashry are being submitted contemporaneously with this Notice, 28 U.S.C. § 1446(b), and notice of the removal is being given to the NRMP, by and through their counsel, and filed with the Superior Court of the District of Columbia, *id.* § 1446(d).

---

[2] Section 205 of Chapter 9 of the United States Code also provides that "[w]here the subject matter of an action or proceeding pending in a State court relates to an arbitration agreement or award falling under the [the Convention on the Recognition and Enforcement of Foreign Arbitral Awards], the defendant or the defendants may, at any time before the trial thereof, remove such action or proceeding to the district court of the United States for the district and division embracing the place where the action or proceeding is pending." 9 U.S.C. § 205. As discussed below, the award in this action falls under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards; thus, Section 205 also allows for removal. Section 205 also provides that "[t]he procedure for removal of causes otherwise provided by law shall apply, except that the ground for removal provided in this section need not appear on the face of the complaint but may be shown in the petition for removal." *Id.*

**C.      The Court Has Original Jurisdiction Over This Action.**

The district courts of the United States have original jurisdiction over all civil actions concerning a federal question or where diversity of citizenship exists. Federal question jurisdiction exists when an action "aris[es] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. District courts are vested with diversity jurisdiction over actions "between citizens of different states [or] citizens of a State and citizens or subjects of a foreign state," and the amount in controversy "exceeds the sum or value of $75,000." 28 U.S.C. § 1332(a). Both bases for jurisdiction are satisfied here.

*1.      Federal question jurisdiction exists over this action.*

United States district courts are vested with federal question jurisdiction over actions falling under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "Convention"). 9 U.S.C. § 203.[3] "An arbitration award falls under the [Convention] if (i) the award arises from a commercial legal relationship between the parties; (ii) there was a written agreement to arbitrate disputes arising from that relationship; (iii) the agreement provided for arbitration proceedings to take place in a signatory country to the New York Convention; and (iv) at least one of the parties is not an American citizen." *Newco Ltd. v. Gov't of Belize*, 156 F. Supp. 3d 79, 81 (D.D.C. 2015) (citing 9 U.S.C. § 202, among other sources), *aff'd*, 650 Fed. Appx. 14 (D.C. Cir. 2016); 9 U.S.C. § 202. All four requirements are met here.

First, the award at issue arises from a commercial legal relationship. The term "commercial" is construed broadly under the Convention, encompassing "matters or relationships . . . that arise out of or in connection with commerce." *Belize Soc. Dev. Ltd. v. Gov't of Belize*, 794 F.3d 99, 103-104 (D.C. Cir. 2015) (citation omitted). The NRMP's and Dr.

---

[3] The United States adopted and ratified the Convention through Chapter 2 of the Federal Arbitration Act, 9 U.S.C. § 201 et seq.

Alashry's relationship was one under which the NRMP would facilitate Dr. Alashry's placement into a medical training program, where he would provide medical services. (Ex. 1, Declaration of Mahmoud Alashry ¶¶ 4-5.) Thus, at a minimum, the relationship arose in connection with commerce. *See Human v. Czech Rep.-Ministry of Health*, 824 F.3d 131, 136 (D.C. Cir. 2016) ("The provision of healthcare technology and medical services has an obvious connection to commerce." (citation omitted)); *Khan v. Parsons Global Servs., Ltd.*, 480 F. Supp. 2d 327, 339 (D.D.C. 2007) ("The agreement arises out of a commercial legal relationship because it stems from an employment contract, where services are provided by the employee in exchange for monetary payments."), *rev'd on other grounds*, 521 F.3d 421 (D.C. Cir. 2008).

Second, the Match Participation Agreement that this dispute arises under contains an express written arbitration agreement. Third, the Match Participation Agreement's arbitration agreement provided for arbitration proceedings to take place in the United States, which is a signatory to the Convention. *Human*, 824 F.3d at 136 (observing that the United States is a signatory to the Convention). Fourth, Dr. Alashry is not an American citizen. (Alashry Decl. ¶ 1.) Thus, at least one of the parties to this dispute is not an American Citizen.

2.     *Diversity Jurisdiction Exists Over This Action.*

As stated above, Dr. Alashry is an Egyptian citizen. The NRMP is an Illinois not-for-profit corporation that maintains its principal place of business in Washington, D.C. Accordingly, it is a citizen of the State of Illinois and the District of Columbia. *See* 28 U.S.C. § 1332(c) (stating that a corporation is a citizen of both the state in which it is incorporated and the state where it has its principal place of business).[4] Thus, the present dispute is one between a

---

[4] The District of Columbia is treated as a state for the purpose of determining whether a party may invoke a federal court's diversity jurisdiction. 28 U.S.C. § 1332(e).

citizen of a foreign state and a citizen of the United States, and the diversity of citizenship requirement for diversity jurisdiction is satisfied.

The amount in controversy requirement for diversity jurisdiction is also satisfied. In an action to confirm or vacate an arbitration award, "the amount in controversy is the amount sought in the underlying arbitration rather than the amount awarded[.]" *Equitas Disability Advocates, LLC v. Daley, Debofsky & Bryant, P.C.*, 177 F. Supp. 3d 197, 204 (D.D.C. 2016) (quoting *Karsner v. Lothian*, 532 F.3d 876, 882 (D.C. Cir. 2008)). If that amount is nonmonetary, "the amount in controversy is measured by the value of the object of the litigation. [That] value may be measured from either the perspective of the plaintiff or the defendant[.]" *Elghannam v. Nat'l Ass'n of Bds. of Pharmacy*, 15-cv-1554, 2015 WL 13158509, at *1 (D.D.C. Nov. 16, 2015) (quoting *Lurie v. Mid-Atl. Permanente Med. Grp.*, 729 F. Supp. 2d 304, 332 (D.D.C. 2010)). Furthermore, the value of nonmonetary damages may be asserted in the notice of removal and removal is appropriate if the court finds by the preponderance of the evidence that the amount alleged in the notice of removal satisfies the jurisdictional threshold. 28 U.S.C. § 1446(c).

Dr. Alashry initiated the underlying arbitration to seek an award overturning the NRMP's sanctions against him. The value of the relief that Dr. Alashry sought – and ultimately received – exceeds $75,000. The value of the NRMP's sanction prohibiting him from participating in the NRMP's matching program for two years, alone, exceeds $75,000. (*See* Alashry Decl. ¶ 5 (stating that Dr. Alashry stood to make just over $50,000 per year in connection with the residency position that he received through the matching program). He stood to suffer further harm to his reputation and future employment prospects, beyond the specified bans, in light of the disclosure requirements included among the sanctions. *See Elghannam v. Nat'l Assoc. of Bds.*

*of Pharmacy*, 15-cv-1554, 2015 WL 13158509, at *1 (D.D.C. Nov. 15, 2015) (relying on plaintiff's valuation of withheld certification to practice as foreign-educated pharmacist to determine amount in controversy).

## III.     CONCLUSION

Removal of the above-captioned action to this Court is appropriate because the Notice of Removal was timely filed, this Court has original jurisdiction over the action, and all other filing requirements to properly effect removal have been satisfied.


Respectfully Submitted


By: */s/ Eric L. Yaffe*
Eric L. Yaffe (Bar No. 439750)
Justin L. Sallis (Pro Hac Vice to be Filed)
GRAY, PLANT, MOOTY, MOOTY,
 & BENNETT, P.A.
The Watergate – Suite 700
600 New Hampshire Avenue, NW
Washington, DC 20037
Eric.Yaffe@gpmlaw.com
Justin.Sallis@gpmlaw.com
Telephone: (202) 295-2200
Facsimile:  (202) 295-2250

*Attorneys for Respondent Mahmoud Alashry*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 28th day of November 2017 true copies of the foregoing were served by Federal Express and electronic mail on

Stacey C. Forbes, Esq.
Brent R. Gary, Esq.
REED SMITH LLP
7900 Tysons One Place, Suite 500
McLean, Virginia 22102
Telephone: 703-641-4200
Facsimile: 703-641-4340
sforbes@reedsmith.com
bgary@reedsmith.com

_/s/ Eric L. Yaffe_
Eric L. Yaffe

GP:4822-3469-6786 v1